

FILED

1  VALENTIN DE LA CRUZ
   IN PRO PER
2  3889 S Centinela Avenue. #C          2017 APR -5 PM 12: 03
3  Los Angeles, California near 90066
   valentindc1989@gmail.com             CLERK U.S. DISTRICT COURT
                                        CENTRAL DIST. OF CALIF.
4                                       LOS ANGELES

5

6

7

8              UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

10  Valentin De La Cruz,            )   Case No.
11                                  )   CV17-02600 PSG (RAO)
                          Plaintiff,)
12                                  )   VERIFIED COMPLAINT FOR:
13      v.                          )   1. PERMANENT INJUNCTION,
                                    )   2. CIVIL PENALTIES,
14                                  )   3. RESTITUTION AND,
    MIDLAND CREDIT MANAGEMENT,      )   4. OTHER EQUITABLE RELIEF
15  TRANSUNION, EXPERIAN,           )
    EQUIFAX,                        )
16                                  )
17                                  )
                          Defendants,)
18  _____

19

20                                  

21                                  PAID

22                                  APR - 5 2017

23                                  Clerk, US District Court
                                    COURT 6512

24

25

26

27

28

COMES NOW Valentin De La Cruz, Plaintiff, a man over the age of majority, in His right mind, without waiving any rights or remedies at law or in equity, and without waiving and defects or deficiencies, and here and after referred to as "Plaintiff/I/Me" and for His Verified Complaint against the Defendants, Midland Credit Management, ("Midland"), TransUnion, Experian and Equifax and declares as follows:

## PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., and violations of the Telephone Consumer Protection Act ("TCPA") arising out of Midland's false reporting to the credit reporting agencies of an alleged delinquent debt of the Plaintiff and out of the invasion of Plaintiff's personal and financial privacy by the Defendant.

## PARTIES

2. Plaintiff is currently and was at all relevant times a resident of the County of Los Angeles, California.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant Midland is a corporation doing business in the state of California with its principal place of business at: 3111 Camino Del Rio N, Suite 103. San Diego, California 92108.

- 1 -

5.   Midland is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.   Defendant, TransUnion, is a corporation organized under the laws of the United States of America and is headquartered in Chicago, Illinois.

7.   TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.   TransUnion is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.   Defendant Experian is a corporation organized under the laws of the United States of America and is headquartered in Costa Mesa, California.

10.  Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.  Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant Equifax is a corporation organized under the laws of the United States of America and is headquartered in Atlanta, Georgia.

13. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

**JURISDICTION**

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Los Angeles County, California as a result of the Defendants doing business in California.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

16. Midland began reporting inaccurate and derogatory information at some time in early 2016.

17. When I discovered the collection being reported on my personal credit, I called Midland to dispute the alleged debt they claimed I owed them at some point in May, but have proof that I disputed the debt on 12/20/2016.

18.  I never received proof that I owed a debt to Midland, regardless of the minimum requirements of "verifying" my personal information.

19.  I again disputed the debt with midland on 2/22/2017.

20.  Midland never provided proof that I owed them a debt.

21.  I disputed the Midland account for a third and final time on 3/28/2017 and gave them an opportunity to remove the account from the three credit reporting agencies or get sued in federal court. They elected to take this to court.

22.  Agents for Midland have called my phone dozens of times attempting to collect on a debt that isn't mine, even after I consistently told them to cease and desist.

23.  Agents from Midland harassed me through the phone for over a year, including automated telephone calls, because I did not know how to go about exercising my legal rights.

24.  Defendant's actions have damaged Plaintiff in that Plaintiff has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the midland account.

25. I have been damaged because I have been forced to defend against an action in federal court with no proof of claim from any of the Defendants.

26. On May 10th, 2016 I called TransUnion to dispute the Midland account because it was not my debt.

27. I informed TransUnion that I was a victim of fraud and provided them a copy of the police report.

28. On December 22nd, 2016 I called TransUnion to dispute the debt for a second time.

29. TransUnion continued to report the derogatory information with conscious disregard to my rights.

30. On March 28th, 2016 I again called TransUnion to dispute the debt for a third and final time, and I gave them a chance to remove the debt or be sued in federal court.

31. TransUnion continues to report the midland account, which does not belong to me, damaging me in the process.

32. I called and disputed the midland account with Equifax five separate times, starting 6/2/2016, 6/21/2016, 12/20/2016, 2/13/2017 and finally again on 3/28/2017.

33. Equifax was provided with a police report and notified on five separate times that the account did not belong to me and that it was not my debt.

34. Equifax is still reporting the derogatory information, damaging me in the process.

35. I disputed the midland account with Experian three separate times, on 12/20/2016, 2/22/2017 and finally on 3/28/2017.

36. Experian was provided with a copy of the police report and notified that the midland account was not mine.

37. All defendants were notified numerous times that I was a victim of fraud and I have provided the police report to all of them (See Exhibit A).

38. Defendants refuse to remove the derogatory remarks on my personal credit.

39. I allege that the Defendants did not do their due diligence in investigating the validity of the alleged debt.

40. I allege that Defendants are intentionally and willfully reporting/publishing inaccurate information in an attempt to injure my personal credit.

41. Plaintiff is entitled to statutory damages from Defendants in the amount of $1,000/violation pursuant to 15 U.S.C.A. §1681n.

42. Plaintiff is entitled to such amount of punitive damages as the court may allow pursuant to 15 U.S.C.A. § 1681n.

43. Plaintiff is entitled in the case of any successful action to enforce any liability under section 15 U.S.C.A. § 1681n, the costs of the action

1  together with reasonable attorney's fees as determined
2  by the court

3      44. Plaintiff is entitled to $500 per violation of
4  the TCPA and up to $1,500 per phone call if the
5  consumer can show that the TCPA was violated knowingly
6  and willfully.

7                     **COUNT I**
8           **Negligence – Midland**

9      45. Plaintiff hereby adopts and incorporates the
10 allegations contained in paragraphs 1 through 44 as if
11 fully set forth herein.

12     46. Midland's false reporting to the credit
13 agencies regarding the alleged delinquent debt was
14 negligent under applicable law. In falsely reporting
15 the alleged debt as delinquent, Midland breached its
16 duty to Plaintiff to report accurate information
17 regarding Plaintiff's credit history and acted with
18 conscious disregard for Plaintiff's rights.

19     47. Midland's false reporting to the credit
20 agencies regarding the alleged delinquent debt of the
21 Plaintiff has caused damage to Plaintiff, including,
22 but not limited to, humiliation and embarrassment, a
23 substantial decline in Plaintiff's credit rating, and
24 other compensatory and consequential damages.

25     48. Midland's false reporting to the credit
26 agencies regarding the alleged delinquent debt of the
27
28

1  Plaintiff was willful and wanton, entitling Plaintiff
2  to punitive damages therefore.

3                    **Negligence — TransUnion**

4      49. Plaintiff hereby adopts and incorporates the
5  allegations contained in paragraphs 1 through 48 as if
6  fully set forth herein.

7      50. TransUnion, failure to remove Midland's false
8  report of Plaintiff's alleged delinquency from
9  Plaintiff's TransUnion credit report, despite
10 Plaintiff's lawful notices to TransUnion of the falsity
11 of the report, was negligent. In failing to remove
12 Midland's false reports of Plaintiff's alleged
13 delinquency, TransUnion, breached its duty to Plaintiff
14 to thoroughly investigate any and all credit reporting
15 disputes and to maintain accurate credit histories for
16 the Plaintiff, and acted with conscious disregard for
17 Plaintiff's rights.

18     51. TransUnion's negligent failure to remove
19 Midland's false reports of Plaintiff's alleged debt
20 from Plaintiff's TransUnion credit report has caused
21 damages to Plaintiff, including, but not limited to,
22 humiliation and embarrassment, a substantial decline in
23 Plaintiff's credit rating, and other compensatory and
24 consequential damages.

25     52. TransUnion's failure to remove Midland's false
26 report of Plaintiff's alleged debt from Plaintiff's
27 credit report, despite Plaintiff's lawful notices to
28

1  TransUnion of the falsity of the reports, was willful
2  and wanton, entitling Plaintiff to punitive damages
3  therefore.

### Negligence — Experian

5      53. Plaintiff hereby adopts and incorporates the
6  allegations contained in paragraphs 1 through 52 as if
7  fully set forth herein.

8      54. Experian's failure to remove Midland's false
9  report of Plaintiff's alleged delinquency from
10 Plaintiff's credit report, despite Plaintiff's lawful
11 notices to Experian of the falsity of the report, was
12 negligent.   In failing to remove Midland's false
13 reports of Plaintiff's alleged delinquency, Experian
14 breached its duty to Plaintiff to thoroughly
15 investigate any and all credit reporting disputes and
16 to maintain accurate credit histories for the
17 Plaintiff, and acted with conscious disregard for
18 Plaintiff's rights.

19     55. As a proximate result, Experian's negligent
20 failure to remove Midland's false reports of
21 Plaintiff's alleged debt of the Plaintiff's Experian
22 credit report has caused Plaintiff to suffer
23 substantial money damages and damage of character and
24 reputation, including, but not limited to, Plaintiff
25 being denied car loans, home loans, furniture loans,
26 humiliation and embarrassment, a substantial decline in

27
28

1  Plaintiff's credit rating, and other compensatory and
2  consequential damages.

3      56. Experian's failure to remove Midland's false
4  report of Plaintiff's alleged debt from Plaintiff's
5  credit report, despite Plaintiff's lawful notices to
6  Experian of the falsity of the reports, was willful and
7  wanton, entitling Plaintiff to punitive damages
8  therefore.

### Negligence — Equifax

9

10     57. Plaintiff hereby adopts and incorporates the
11  allegations contained in paragraphs 1 through 56 as if
12  fully set forth herein.

13     58. Equifax's failure to remove Midland's false
14  report of Plaintiff's alleged delinquency from
15  Plaintiff's Equifax credit report, despite Plaintiff's
16  lawful notices to Equifax of the falsity of the report,
17  was negligent. In failing to remove Midland's false
18  reports of Plaintiff's alleged delinquency, Equifax
19  breached its duty to Plaintiff to thoroughly
20  investigate any and all credit reporting disputes and
21  to maintain accurate credit histories for the
22  Plaintiff, and acted with conscious disregard for
23  Plaintiff's rights.

24     59. As a proximate result, Equifax's negligent
25  failure to remove Midland's false reports of
26  Plaintiff's alleged debt of the Plaintiff's Equifax
27  credit report has caused Plaintiff to suffer
28

substantial money damages and damage of character and reputation, including, but not limited to, Plaintiff being denied car loans, home loans, furniture loans, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

60. Equifax's failure to remove Midland's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to EQUIFAX of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefore.

## COUNT II
### Defamation - Midland

61. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 60 as if fully set forth herein.

62. Midland, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, TransUnion, that Plaintiff was past due on the alleged Midland account and that the Midland account was in collection status. Midland's statements were made with conscious disregard for the rights of the Plaintiff.

63. Midland's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and

1   defamation per se of the Plaintiff, entitling Plaintiff
2   to compensatory, special, consequential and punitive
3   damages therefore.

### Defamation — TransUnion

5       64. Plaintiff hereby adopts and incorporates the
6   allegations contained in Paragraphs 1 through 63 as if
7   fully set forth herein.

8       65. TransUnion, with knowledge of the falsity of
9   its statements, has published and continues to publish
10  statements to others, including, but not limited to,
11  Midland and other currently unknown entities and/or
12  individuals who have accessed Plaintiff's TransUnion
13  credit report, that Plaintiff was past due on the
14  alleged Midland account and that Midland was in
15  collection status.   In publishing such statements,
16  TransUnion acted with conscious disregard for the
17  rights of the Plaintiff.

18      66. TransUnion's publication of false statements
19  regarding Plaintiff's creditworthiness and Plaintiff's
20  alleged delinquent debt amounts to defamation and
21  defamation per se of the Plaintiff, entitling Plaintiff
22  to compensatory, special, consequential and punitive
23  damages therefore.

### Defamation — Experian

25      67. Plaintiff hereby adopts and incorporates the
26  allegations contained in Paragraphs 1 through 66 as if
27  fully set forth herein.

28

68. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, midland and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff was past due on the alleged Midland account and that Midland was in collection status. In publishing such statements, Experian acted with conscious disregard for the rights of the Plaintiff.

69. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefore.

## Defamation — Equifax

70. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

71. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, midland and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged midland account and that midland was in

1 | collection/delinquent status. In publishing such
2 | statements, Equifax acted with conscious disregard for
3 | the rights of the Plaintiff.

4 | 72. Equifax's publication of false statements
5 | regarding Plaintiff's credit-worthiness and Plaintiff's
6 | alleged delinquent debt amounts to defamation and
7 | defamation per se of the Plaintiff, entitling Plaintiff
8 | to compensatory, special, consequential and punitive
9 | damages therefore.

**COUNT III**

**Negligent Violation of the Fair Credit Reporting Act-
Midland**

73. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74. Midland's false reporting to the credit agencies of Plaintiff's alleged delinquency is a violation of Midland's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

75. Midland's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Midland is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's costs and fees.

- 14 -

## Negligent Violation of the Fair Credit Reporting Act — TransUnion

76. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77. TransUnion's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of TransUnion's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and TransUnion's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

78. TransUnion's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following TransUnion's receipt of Plaintiff's dispute is a violation of TransUnion's duties regarding investigation of disputed items under 15 U.S.C. §1681i. TransUnion's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which TransUnion is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, punitive damages which arise and for Plaintiff's attorney's fees.

## Negligent Violation of the Fair Credit Reporting Act — Experian

79. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

80. Experian's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

81. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which EXPERIAN is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's fees associated with filing suit.

## Negligent Violation of the Fair Credit Reporting Act — Equifax

- 16 -

82. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 81 as if fully set forth herein.

83. Equifax's repeated failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

84. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

85. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, punitive damages which arise and for Plaintiff's fees associated with filing suit.

## COUNT IV

## Willful Violation of the Fair Credit Reporting Act-
## Midland

86. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 85 as if fully set forth herein.

87. Midland's false reporting to the credit agencies of Plaintiff's alleged delinquency, despite Midland's knowledge of the falsity of its reporting, is a willful violation of Midland's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

88. Given Midland's knowledge of the falsity of its reporting, Midland's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Midland is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act — TransUnion

89. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 88 as if fully set forth herein.

90. TransUnion's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of TransUnion's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and TransUnion's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

91. TransUnion's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following TransUnion's receipt of Plaintiff's dispute is a willful violation of TransUnion's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

92. TransUnion's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which TransUnion is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

## Willful Violation of the Fair Credit Reporting Act — Experian

93. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 92 as if fully set forth herein.

94. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

95. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its

- 19 -

failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

96. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which EXPERIAN is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's fees associated with filing suit.

## Willful Violation of the Fair Credit Reporting Act — Equifax

97. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 96 as if fully set forth herein.

98. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

## COUNT V

## Willful Violation of the Telephone Consumer Protection Act — Midland

99. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 98 as if fully set forth herein.

100. Midland's automated telephone calls of Plaintiff's alleged delinquency, despite Midland's knowledge of the fact that they were told to cease and desist, is a willful violation of Midland's duties as a furnisher of credit information pursuant to the TCPA, as stated in 47 U.S.C. § 227.

101. Given Midland's knowledge that they were calling my personal phone, and despite Midland's knowledge of the fact that they were told to cease and desist, Midland's violations of the TCPA amount to willful non-compliance with the TCPA as stated in 47 U.S.C. § 227 for which Midland is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Valentin De La Cruz respectfully demands the following:

1.   Trial by jury on all issues so triable;

2.   Judgment against the Defendants for statutory, compensatory, consequential, special and punitive damages in the amount of $75,000;

3.   For Plaintiff's fees and costs; and,

1    4.   Any and all other relief to which Plaintiff may

2 appear to be entitled.

3

4 DATED:   4/5/2017

5                                        by: _____

6                                        VALENTIN DE LA CRUZ
                                         *IN PRO PER*
7                                        3889 S Centinela Avenue. #C

8                                        Los Angeles, California near
                                         90066
9                                        valentindc1989@gmail.com

10

11                          **VERIFICATION**

12

13    I, Valentin De La Cruz, declare and state as

14 follows:

15    I am the Plaintiff in the above-entitled matter.  I

16 have read the foregoing Verified Complaint and know the

17 content thereof, and the same is true of my own

18 knowledge, except as to matters which are stated upon

19 my own information and belief, which I believe to be

20 true.

21    I declare under penalty of perjury that the

22 foregoing is true and correct.  Executed on April 5,

23 2017 at Antioch, California.

24

25                                        by: _____

26                                        VALENTIN DE LA CRUZ
                                         All Rights Reserved
27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



CULVER CITY POLICE DEPARTMENT
4040 DUQUESNE AVENUE
CULVER CITY, CA 90232
(310) 253-6208

NAME: CAMPOS #1129

REPORT #: 16-32894

1  VALENTIN DE LA CRUZ
   IN PRO PER
2  3889 S Centinela Avenue. #C
   Los Angeles, California near 90066
3  valentindc1989@gmail.com

4

5

6                     **PROOF OF SERVICE**

7  I certify that on 5 April 2017, a copy of the Verified Complaint and Summons was
8  filed and served to the court. Notice of this filing was sent to the parties of record
   certified mail via U.S. Mail as described below. Parties may also access this filing
9  through the Court's system.

10

11  Equifax                                    Experian
    C/o The Prentice-Hall Corporation System   475 Anton Blvd.
12  2730 Gateway Oaks Drive. Suite 100          Costa Mesa, California 92626
    Sacramento, California 95833
13

14  TransUnion
15  555 West Adams Street.
    Chicago, IL 60661
16

17  Midland Credit Management
    3111 Camino Del Rio N, Suite 103.
18  San Diego, California 92108

19
    I declare under penalty of perjury under the laws of the State of California that the
20  foregoing is true and correct.

21

22                                    by:_____

23                                       *Person Making Service*

24

25

26

27

28

                              - 1 -

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| Valentin De La Cruz | Midland Credit Management, et al, |

| **(b)** County of Residence of First Listed Plaintiff Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|

| **(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.<br>3889 S Centinela Avenue. #C<br>Los Angeles, California near 90066<br>valentindc1989@gmail.com | **Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |
|---|---|

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1681 et seq. violations of the Fair Credit Reporting Act

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☒ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

**FOR OFFICE USE ONLY:**   Case Number: CV17 - 02600

CV-71 (07/16)    CIVIL COVER SHEET    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right*  ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right*  ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| ☐ Yes   ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right*  ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right*  ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes   ☒ No | ☐ Yes   ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br><br>Enter "Southern" in response to Question E, below, and continue from there.<br><br>If "no," go to question D2 to the right.  ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br><br>Enter "Eastern" in response to Question E, below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br><br>Enter "Western" in response to Question E, below.  ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above:  ➡ | WESTERN |

**QUESTION F: Northern Counties?**

| | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes   ☒ No |

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court?**   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court?**   ☒ NO   ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   _Valent___   DATE: 4/5/2017

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |